UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE BROQUET,

                        Plaintiff,                        No. 10-14922
                                                                       Hon. Gerald E. Rosen

vs.

BUILDERS CENTER OF CHICAGO an
Illinois corporation, 4026 S. ELLIS, INC.,
an Illinois corporation, ARTHUR NEWGARD,
Inc., an Illinois corporation, 3862 S. LAKE
PARK, INC., an Illinois corporation, LPI GROUP,
LLC, an Illinois limited liability company,
ENFIELD CONSTRUCTION, INC., an
Illinois corporation, ANATLOY ZARKHIN, an
individual, IGOR PESTOSKY, an individual,
and EUGENE ZARKHIN, an individual,
jointly and severally

                                   Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(This Order Resolves Docket Entry 5)

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on August 8, 2011

PRESENT:  Honorable Gerald E. Rosen
                   United States District Judge

## I. INTRODUCTION

On November 8, 2010, George Broquet ("Plaintiff") filed a five-count complaint in Wayne County Circuit Court against Defendants Builders Center of Chicago, 4026 Ellis, Inc., Arthur Newgard, 3862 S. Lake Park, Inc., LPI Group, LLC, Enfield Construction, Inc., Anatloy Zahrkin, Igor Pestosky, and Eugene Zarkhin (Collectively "Defendants"). Plaintiff alleges that Defendants failed to uphold their contractual obligations regarding a real estate investment. Plaintiff claims that Defendants engaged in material misrepresentation and that Plaintiff has fallen victim to a "Ponzi scheme" crafted by Defendants. Defendants responded to these allegations by filing a Notice of Removal on December 10, 2010, and, on December 17, 2010, filed a Motion to Dismiss or to Transfer.

In support of their motion, Defendants request a dismissal of all counts pursuant to Rule 12(b)(2) and Rule 12(b)(6). As to the 12(b)(2) motion, Defendants argue that the Court does not have personal jurisdiction to hear Plaintiff's complaint. If, however, the Court does make the determination that personal jurisdiction exists, Defendants request a transfer to the United States District Court for the Northern District of Illinois, pursuant to the forum selection clause stipulated in the parties' contracts and to 28 U.S.C. § 1404(a).

Defendants are seeking, in the alternative, a motion to dismiss pursuant to Rule 12(b)(6). Defendants argue that the contractual language stipulated by both parties state that the promissory notes are to be enforced in a court in Cook County, Illinois. As such,2 "[a]dhering to the parties' intention," the Court should "refrain from enforcing the

Notes in Michigan and should dismiss plaintiff's claims under Rule 12(b)(6)." (Mot. to Dismiss or Transfer 10.)

Plaintiff has filed a response to the present motion, and Defendants have filed a reply. Having reviewed the parties' submissions in support of and opposition to the motion and the accompanying record, the Court finds that the pertinent facts and legal arguments are fully presented in these written materials and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendants' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. This opinion and order sets forth the Court's rulings on this motion.

## II. RELEVANT BACKGROUND

This case arises from a real estate development project gone sour. Defendants are a group of real estate developers involved in a number of projects in Chicago, Illinois. Plaintiff, a citizen of Michigan, invested a substantial sum of time and money into one of these projects. Plaintiff filed suit based on Defendants' alleged failure to meet their financial obligations under two promissory notes.

On March 27, 2008, Plaintiff and Anatoly Zarkhin, a representative for Defendants, both signed a letter of intent, which outlined Plaintiff's investment and his returns on the investment. The letter of intent specifically stated that Plaintiff's $250,000.00 investment would be secured by a promissory note. On April 8, 2008, Defendant Zarkhin executed a promissory note in favor of Plaintiff for $250,000.00 to be paid monthly with a 12% annual interest rate. Also on April 8, 2008, Defendant Zarkhin

executed a real estate mortgage, granting Plaintiff a security interest in the property Defendants planned to develop. Pursuant to the terms of the first promissory note, Plaintiff wire transferred a sum of $250,000 to Defendant Ellis on May 8, 2008.

The first promissory note was executed and delivered in Chicago, Illinois. On November 25, 2008, a second promissory note was executed, which was also signed and delivered in Chicago, Illinois. Both the first and secondary promissory notes contain an identical forum selection clause, which states that "[t]his Note has been delivered at Chicago, Illinois, and shall be governed by the laws of the State of Illinois and enforced in a Court of Law sitting in Cook County, Illinois." (Mot. to Dismiss or Transfer, Ex. E at 2; Ex. G at 2.)

Approximately two years after the execution of the second promissory note, Plaintiff filed suit in Wayne County Circuit Court. Defendants removed the case and subsequently filed the present Motion to Dismiss or to Transfer. Presented for the Court's consideration is a dismissal pursuant to Rule 12(b)(2) or Rule 12(b)(6), and, in the alternative, a motion to transfer pursuant to 28 U.S.C. § 1404(a). The Court will only address Defendants' motion to dismiss pursuant to Rule 12(b)(6) based on the parties' forum selection clause.

### III. ANALYSIS

**A.     Standards Governing Rule 12(b)(6) Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) authorizes this Court to dismiss a complaint if it "fail[s] to

state a claim upon which relief can be granted." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *League of United Latin American Citizens v.Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). The factual allegations, accepted as true, in the complaint "must be enough to raise a right to relief above the speculative level," and "state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

**B.     The Parties' Forum Selection Clause is Valid**

Although federal circuit courts have debated which particular subsection of Rule 12(b) should govern a motion to dismiss based on a forum selection clause, the Sixth Circuit has clearly recognized the appropriateness to seek such a dismissal under Rule 12(b).[1]  *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 371, 374-76 (6th

---

[1] The Supreme Court has also recognized the appropriateness of dismissal based on a contractual forum selection clause without having to first address the issue of personal jurisdiction. *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 300 (3rd Cir. 2001); *International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996); *Carnival Cruise Lines, Inc., v. Shute*, 499 U.S. 585, 588-90, 596-98, 111 S.Ct. at 1525, 1529

Cir.1999); *see also Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir. 1995). A forum selection clause "should control absent a strong showing that it should be set aside." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916 (1972). Defendants properly cite Sixth Circuit precedent governing the validity of a contractual forum selection clause:

> When evaluating the enforceability of a forum selection clause, this court looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Security Watch, Inc.*, 176 F.3d at 375 (6th Cir.1999). The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Shell*, 55 F.3d at 1229 (6th Cir.1995).

*Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).

Plaintiff bears the burden of demonstrating that the forum selection clause in the promissory notes should not be enforced. *Id.* Plaintiff suggests, through his sworn affidavit, that the forum selection clause was obtained by fraud, because Defendants did not explain the clause to him, he was not allowed to review it with an attorney, and he was "pressured into signing the [contract]" quickly. (Pl.'s Resp. to Def.'s Mot. to Dismiss Ex. B.) Plaintiff also claims that it would be inconvenient for him to travel to Illinois. Additionally, Plaintiff argues that the forum selection clause should only apply to Defendant Zarkhin, because only Mr. Zarkhin's signature appears on the promissory notes. The Court does not find merit in any of Plaintiff's arguments.

---

(1991).

First, the Court is directed to consider whether the forum selection clause "was obtained by fraud, duress, or other unconscionable means." *Wong*, 589 F.3d at 828. Although the Plaintiff's complaint is generally based on Defendants' alleged fraudulent investment scheme, Plaintiff cannot use this general claim as a basis to prove the forum selection clause was obtained by fraud or some other irregularity. *See Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 722 (6th Cir. 2006) (unless there is a showing that the alleged fraud or misrepresentation induced [Plaintiff] to agree to the inclusion of [*the forum selection*] clause, a general claim of fraud or misrepresentation as to the entire contract does not deem the forum selection clause invalid) (emphasis added).

Plaintiff has failed to cite any authority, and the Court is aware of none, requiring Defendants to explain the forum selection clause to Plaintiff or providing Plaintiff an opportunity to review the clause with an attorney. Between the March 27, 2008 letter of intent and the April 8, 2008 promissory note, Plaintiff had ten days to discuss any terms of the first promissory note prior to its execution. Plaintiff had an additional month to review the note before sending his $250,000 investment on May 8, 2008. The Court finds that Plaintiff had more than ample time to review the note and seek legal advice regarding the note if he chose to do so, and there is no evidence of fraud or misrepresentation regarding the forum selection clause itself.[2]

Second, the Court is unpersuaded that "the designated forum would ineffectively

---

[2] In his sworn affidavit, Plaintiff also states that "Zarkhin and I executed the First 'Promissory Note'", which is further evidence that Plaintiff had knowledge of the notes and participated in their execution. (Pl.'s Resp. to Def.'s Mot. to Dismiss Ex. B.)

7

or unfairly handle the suit." *Wong*, 589 F.3d at 828.  The opportunity presented to Plaintiff was a real estate development project in Chicago.  The negotiations, meetings and agreements between the parties were executed in Chicago.  As such, any pertinent evidence and/or witness testimony would most likely reside in Chicago.  Plaintiff has failed to address the second factor in evaluating the enforcement of a forum selection clause, and the Court has no reason to doubt the ability of a court in Cook County, Illinois to handle this suit effectively and fairly.

Third, the forum designated in the agreements between Plaintiff and Defendants is not "so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust."  *Id.*  Plaintiff traveled to Chicago to learn about the investment opportunity and meet with Defendants.  Afterwards, Plaintiff traveled to Chicago for the remainder of his business partnership with Defendants.  Both promissory notes were signed and executed in Chicago.  Plaintiff has demonstrated not only the means, but a willingness to travel to Chicago.  As such, the Court cannot find a stipulation requiring Plaintiff to file suit in Cook County, Illinois, to be "so seriously inconvenient" and unjust.  *Id.*

Finally, although Mr. Zarkhin is the only signatory on the promissory notes, the forum selection clause still applies to Plaintiff.  The promissory notes were written in exchange for Plaintiff's investment funds, and they were executed to ensure Plaintiff would receive certain guaranteed returns, to include principal and interest payments, on his investment.  The promissory notes were based on, and referenced in, the letter of intent, which was signed by both parties.  Therefore, the Court views all these documents

as part of the same contract.

Even if the Court were to view the promissory notes as a separate contract, Plaintiff would still be bound to the forum selection clause, because he was entitled to a benefit under the notes. *See Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 629 (6th Cir. 2003); *Hellenic Investment Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517-518 (5th Cir. 1998) (holding a non-signatory who seeks a benefit from enforcement of a contract is subject to the forum selection clause of the contract under the theory of direct benefit estoppel).

Plaintiff bears the burden of demonstrating that the forum selection clause should not be enforced. *Id.* For all the aforementioned reasons, Plaintiff has failed to persuade the Court that the forum selection clause in the two promissory notes should not be enforced.

**B.     The Parties' Forum Selection Applies to All Claims**

Plaintiff argues that Defendants' Rule(12)(b)(6) motion solely encompasses Count I of the five-count complaint, because the forum selection clauses only appear in the promissory notes. Plaintiff therefore believes that any dismissal should only govern those claims that relate specifically to the notes. This argument is also without merit. As Defendants correctly state, "each of plaintiff's claims is completely dependent upon the contract." (Reply Brief in Support of Mot. To Dismiss or Transfer 4.) The forum selection clauses constitute a part of the overall contractual agreements between Plaintiff and Defendants. It is the contractual agreements which establish a legal relationship

9

between the parties, and Plaintiff would not have a basis for relief without the contract. Therefore, the Court finds it improper to separate Count I of Plaintiff's complaint from Counts II–IV, simply because Count I involves specific contractual language while the remaining counts are more general in scope. Each claim stems specifically from the legal relationship between the parties, and the promissory notes are a manifestation of that relationship. As such, the Court's consideration of the Rule 12(b)(6) motion will encompass all five claims against Defendants.

## V. **CONCLUSION**

For the reasons stated in the above opinion, the Court finds that the forum selection clauses in the two promissory notes are valid and enforceable.

THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [Dkt. #5] pursuant to Rule 12(b)(6) is GRANTED and Plaintiff's complaint is DISMISSED in its entirety without prejudice.

S/Gerald E. Rosen
Chief Judge, United States District Court

Dated: August 8, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2011, by electronic and/or ordinary mail.

S/Johnetta Curry Williams for Ruth A. Gunther
Case Manager

10